# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     CV 13-09494 AG (SS)                              Date: July 17, 2014
                                                              Page 1 of 3

Title:     Craig Arnold Thomas v. Jay Skrenek, et al.

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND TO COMPLY WITH LOCAL RULE 41-6**

PRESENT:

### HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

  _Marlene Ramirez_              _____None_____             __None__
   Deputy Clerk               Court Reporter/Recorder         Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

      None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

   On January 27, 2014, Craig Arnold Thomas ("Plaintiff"), a California prisoner proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint").  (Dkt. No. 3).  The Court dismissed the Complaint due to various pleading defects on April 23, 2014.  (Dkt. No. 9).  Plaintiff filed a First Amended Complaint on May 23, 2014 ("FAC").  (Dkt. No. 10).  At the same time, in apparent reference to two Doe Defendants from the original Complaint, Plaintiff filed a "Request to Identify Defendant Officer Hudson as John Doe #1 and Librarian Carole as John Doe #2" (the "Motion").  (Dkt. No. 12).  On June 2, 2014, the Court denied Plaintiff's Motion as moot because the FAC, in which Defendants were identified by name, superseded the original Complaint.  (Dkt. No. 13).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 13-09494 AG (SS) | Date:  July 17, 2014 |
| | Page 2 of 3 |

Title:    Craig Arnold Thomas v. Jay Skrenek, et al.

---

The Court's June 2, 2014 Order was sent to Plaintiff at his address of record.  (Id.). However, on July 7, 2014, the Order was returned to the Court as "unclaimed unable to forward."  (Dkt. No. 14).

The Court's inability to communicate with Plaintiff presents a serious obstacle to the prosecution of this case.  Plaintiff is reminded that pursuant to Local Rule 41-6, a party proceeding pro se must "keep the Court and opposing parties apprised of such party's current address . . . ."  C.D. Cal. L.R. 41-6.  The rule further provides:

> If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Id.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** within **fifteen (15) days** of the date of this Order why this action should not be dismissed for failure to prosecute and to comply with Local Rule 41-6.  Plaintiff may discharge this Order by filing a Notice of Change of Address or a declaration, signed under penalty of perjury, either (1) explaining why Plaintiff did not claim the Court's June 2, 2014 Order, or (2) affirming that Plaintiff was not responsible for failing to claim the Court's Order and that Plaintiff will claim the Court's mail going forward.

**If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  Plaintiff is again warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 13-09494 AG (SS)                         Date:  July 17, 2014
                                                        Page 3 of 3

Title:    Craig Arnold Thomas v. Jay Skrenek, et al.

---

    This Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

MINUTES FORM
CIVIL-GEN                                               Initials of Deputy Clerk  mr